UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARLES EDWARD TAYLOR            CIVIL ACTION

VERSUS            NO. 25-291

HARRY J. MOREL, ET AL.            SECTION "R" (3)

### ORDER AND REASONS

Plaintiff Charles Edward Taylor, proceeding *pro se* and *in forma pauperis*, filed this civil action under 42 U.S.C. § 1983, against Judge Joel T. Chaisson, Harry J. Morel, Jr., Kurt F. Sims, Greg Champagne, and Detective Atkins.[1] Plaintiff's complaint is based on alleged misconduct related to his 1991 conviction in the 29th Judicial District Court for the State of Louisiana for distribution of cocaine. On May 27, 2025, Magistrate Judge Eva J. Dossier issued a Report and Recommendation ("R&R"), recommending that plaintiff's case be dismissed with prejudice as frivolous and for failure to state a claim upon which relief under Federal Rule of Civil Procedure 12(b)(6).[2] Plaintiff timely filed an objection[3] and a supplemental declaration in opposition to the R&R.[4] In his objection, plaintiff restates his assertions that:

---

[1] R. Doc. 5.
[2] R. Doc. 23.
[3] R. Doc. 27.
[4] R. Doc. 26.

(1) equitable tolling is justified; and (2) "actual innocence" and "miscarriage of justice" warrant relief.[5] Plaintiff additionally asserts that it was "erroneous" to conclude that he failed to timely utilize available judicial remedies.[6] In his supplemental declaration, plaintiff, for the first time, alleges that he did not learn of "critical information" regarding his claim until 2016.[7]

The Court has reviewed *de novo* plaintiff's complaint, the record, the applicable law, the Magistrate Judge's R&R, and plaintiff's objections. The Magistrate Judge correctly determined that plaintiff's allegations that defendants have violated his constitutional rights are frivolous and fail to state a claim upon which relief can be granted. Moreover, plaintiff's objections are meritless.

First, even if plaintiff's cause of action was not known or reasonably knowable by plaintiff until 2016, as plaintiff alleges in his supplemental declaration in opposition to the R&R,[8] his claims would be untimely.[9]

---

[5] R. Doc. 27.
[6] *Id.*
[7] R. Doc. 26.
[8] *Id.*
[9] *See* La. Civ. Code art. 3493.1; *Brown v. Pouncy*, 93 F.4th 331, 334 (5th Cir. 2024) ("[A] forum state's general or residual statute of limitations for personal injury claims applies to Section 1983 claims." (citing *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)).

2

Plaintiff did not file this suit until 2025, nine years after he claims the information became available. Under either the earlier one-year statute of limitations or the updated two-year period, plaintiff's claims are time-barred.[10] Second, Plaintiff's objection regarding "miscarriage of justice" and "actual innocence" is meritless. The Magistrate Judge correctly noted that plaintiff's argument applies to time limits for habeas petitions, not for Section 1983 claims. Nothing in plaintiff's objection alters the statute of limitations analysis. Finally, plaintiff asserts that the Magistrate Judge "erroneously" concluded that he had access to judicial remedies and failed to act in a timely manner. This is not so. As this Court explained above, even if plaintiff was not apprised of the information necessary to bring this claim until 2016, he still failed to act in time.

Plaintiff's objections are thus overruled, and this Court dismisses his complaint with prejudice for the reasons given in the Magistrate Judge's R&R. *Cf. Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (stating there is no requirement that the district court reiterate the findings of the

---

[10] La. Civ. Code art. 3493.1. The two-year period became effective July 1, 2024 and, per the Editor's Notes, the "Act shall be given prospective application only and shall apply to delictual actions arising after the effective date." *Id*. The Court notes that the one-year period applies here but whether the claims are assessed against the one-year or two-year period does not change the outcome.

Magistrate Judge). The Court adopts the Magistrate Judge's R&R as its opinion.

Plaintiff's complaint is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __31st__ day of July, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE