UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHARLES EDWARD TAYLOR | CIVIL ACTION |
| VERSUS | NO. 25-291 |
| HARRY J. MOREL, ET AL. | SECTION "R" (3) |

## ORDER AND REASONS

### I. BACKGROUND

Plaintiff Charles Edward Taylor, proceeding *pro se* and *in forma pauperis*, filed this civil action under 42 U.S.C. § 1983, against Judge Joel T. Chaisson, Harry J. Morel, Jr., Kurt F. Sims, Greg Champagne, and Detective Atkins.[1]  Plaintiff's complaint is based on alleged misconduct related to his 1991 conviction for distribution of cocaine in the 29th Judicial District Court for the State of Louisiana.  On May 27, 2025, Magistrate Judge Eva J. Dossier issued a Report and Recommendation ("R&R"), recommending that the case be dismissed with prejudice as frivolous and for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).[2] Plaintiff timely filed an objection[3] and a supplemental declaration in

---

[1]  R. Doc. 5.
[2]  R. Doc. 23.
[3]  R. Doc. 27.

opposition to the R&R.[4]  In his objection, plaintiff restated his assertions that: (1) equitable tolling is justified; and (2) "actual innocence" and "miscarriage of justice" warrant relief.[5]  Plaintiff additionally asserted that it was "erroneous" to conclude that he failed to timely utilize available judicial remedies.[6]  In his supplemental declaration, plaintiff, for the first time, alleged that he did not learn of "critical information" regarding his claim until 2016.[7]  On July 31, 2025, this Court overruled plaintiff's objections and adopted the R&R as its opinion, dismissing plaintiff's complaint with prejudice.[8]  Judgment was entered on August 1, 2025,[9] and plaintiff filed the instant motion on August 6, 2025.

## II. LAW AND DISCUSSION

Rule 59(e) permits a party to file a "motion to alter or amend judgment . . . after the entry of the judgment." Fed. R. Civ. P. 59(e). A district court has "considerable discretion" under Rule 59(e). *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).  That said,

---

[4]  R. Doc. 26.
[5]  R. Doc. 27.
[6]  *Id.*
[7]  R. Doc. 26.
[8]  R. Doc. 28.
[9]  R. Doc. 29.

2

reconsideration of a judgment post-entry "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F. 3d 473, 479 (5th Cir. 2004). The Court must strike a balance between "(1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355.

To succeed on a Rule 59(e) motion, a party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F. 3d 745, 763 (5th Cir. 2005). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F. 3d at 479.

Here, plaintiff has not shown that reconsideration is appropriate under the Rule 59(e) standard. Plaintiff does not assert that new facts have arisen, or that there has been an intervening change in the law. Instead, plaintiff primarily restates objections already presented and cites to case law from 1993, 1994, 1998, and 2001 for support, none of which is an intervening change in the law since July 2025. Plaintiff has failed to establish manifest error. He is not entitled to the "extraordinary remedy" of reconsideration under Rule 59(e). *Templet*, 367 F. 3d at 479.

3

## III.   CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion to alter or amend the judgment.

New Orleans, Louisiana, this __7th__ day of October, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE