UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHARLES EDWARD TAYLOR | CIVIL ACTION |
| VERSUS | NO. 25-291 |
| HARRY J. MOREL, ET AL. | SECTION "R" (3) |

## **ORDER AND REASONS**

### I. BACKGROUND

Plaintiff Charles Edward Taylor, proceeding *pro se* and *in forma pauperis*, filed this civil action under 42 U.S.C. § 1983, against Judge Joel T. Chaisson, Harry J. Morel, Jr., Kurt F. Sims, Greg Champagne, and Detective Atkins.[1] Plaintiff's complaint is based on alleged misconduct related to his 1991 conviction for distribution of cocaine in the 29th Judicial District Court for the State of Louisiana.

On May 27, 2025, Magistrate Judge Eva J. Dossier issued a Report and Recommendation ("R&R"), recommending that the case be dismissed with prejudice as frivolous and for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).[2] Plaintiff timely filed

---

[1]  R. Doc. 5.
[2]  R. Doc. 23.

an objection[3] and a supplemental declaration in opposition to the R&R.[4] In his objection, plaintiff restated his assertions that: (1) equitable tolling is justified; and (2) "actual innocence" and "miscarriage of justice" warrant relief.[5] Plaintiff additionally asserted that it was "erroneous" to conclude that he failed to timely utilize available judicial remedies.[6] In his supplemental declaration, plaintiff, for the first time, alleged that he did not learn of "critical information" regarding his claim until 2016.[7] On July 31, 2025, this Court overruled plaintiff's objections and adopted the R&R as its opinion, dismissing plaintiff's complaint with prejudice.[8] Judgment was entered on August 1, 2025.[9] Plaintiff then filed a 59(e) motion,[10] which this Court denied on October 7, 2025.[11]

Plaintiff has since filed three motions: one seeking service on defendants;[12] one seeking leave to file an amended complaint;[13] and one

---

[3]     R. Doc. 27.
[4]     R. Doc. 26.
[5]     R. Doc. 27.
[6]     *Id.*
[7]     R. Doc. 26.
[8]     R. Doc. 28.
[9]     R. Doc. 29.
[10]    R. Doc. 30.
[11]    R. Doc. 31.
[12]    R. Doc. 34.
[13]    R. Doc. 35.

seeking relief from judgment under Rule 60.[14] The Court considers plaintiff's motions below.

## II. LAW AND DISCUSSION

Federal Rule of Civil Procedure 60(b) provides six grounds for which a district court may grant relief from a final judgment or order:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgement is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

The party seeking relief under Rule 60(b) bears the burden of establishing the prerequisites for relief, and the district court enjoys broad discretion in assessing whether any of the grounds in 60(b) are satisfied. *D.R.T.G. Builders, L.L.C. v. Occupational Safety & Health Rev. Comm'n*, 26 F.4th 306, 312 (5th Cir. 2022).

Relief under Rule 60(b) is an extraordinary remedy, which will be granted only if the moving party demonstrates "unusual or unique

---

[14]    R. Doc. 36.

circumstances justifying such relief." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985). Courts may construe the Rule "in order to do substantial justice" and must balance "the sanctity of final judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998) (quoting *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)). Rule 60(b) does not create "an opportunity to rehash prior arguments," *Stewart v. Leonard*, 695 F. App'x 800, 801 (5th Cir. 2017) (per curiam), or allow litigants to raise new arguments that could and should have been brought before the challenged ruling, *Dial One of the Mid-S., Inc. v. BellSouth Telecomms., Inc.*, 401 F.3d 603, 607 (5th Cir. 2005).

Here, plaintiff moves for relief under Rule 60(b)(6). Rule 60(b)(6) is a "catchall" provision that "provides only grounds for relief not already covered" by (b)(1)-(5). *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 211 (2025). Rule 60(b)(6) relief is therefore available only when relief under 60(b)(1)-(5) is inapplicable. *Id.* Moreover, relief under this Rule "should only be applied in 'extraordinary circumstances.'" *Id.* at 212 (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988)). Plaintiff provides no "extraordinary circumstances" warranting relief. In plaintiff's motion, he re-asserts objections to this Court's order dismissing

4

his complaint, objections that he has already presented to this Court. These previously made objections are not proper grounds for Rule 60(b) relief. *See Stewart*, 695 F. App'x at 801. The Court therefore must deny plaintiff's motion for relief from final judgment.

Because the Court denies plaintiff's 60(b) motion, it must also deny plaintiff's motion for leave to amend and plaintiff's motion for service. *See BLOM Bank SAL*, 605 U.S. at 210 (explaining that "a party seeking to reopen his case and replead must first satisfy Rule 60(b) on its own terms and obtain Rule 60(b) relief before Rule 15(a)'s liberal amendment standard can apply"); *cf. Waetzig v. Halliburton Energy Servs., Inc.*, 604 U.S. 305, 310-11 (2025) (explaining that a motion to vacate under Rule 60(b) "must be addressed before any subsequent jurisdiction questions [are] considered").

### III. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's 60(b) motion, his motion for leave to amend, and his motion for service.

New Orleans, Louisiana, this __19th__ day of December, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE